UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                      Civil No. 08-523(DSD/SRN)

Keven Saunders, Nathan Bannick
and Michael Schwab, individually,
and as shareholders of Above All
Mortgage, Inc., a Minnesota
corporation,

            Plaintiffs,

v.                                                      **ORDER**

Countrywide Home Loans of
Minnesota, Inc., a Minnesota
corporation,


            Defendant.


     Beau D. McGraw, Esq., Peter J. Kestner, Esq. and McGraw
     Law Office, 600 Inwood Avenue North, Suite 200, Oakdale,
     MN 55128, counsel for plaintiffs.

     Kathryn M. Wilson, Esq., Noah G. Lipschultz, Esq and
     Littler Mendelson, PC, 80 South Eighth Street, Suite
     1300, Minneapolis, MN 55402, counsel for defendant.


     This matter is before the court on plaintiffs' motion to remand.  On February 4, 2008, plaintiffs Keven Saunders, Nathan Bannick and Michael Schwab, individually and as shareholders of Above All Mortgage, Inc., sued defendant Countrywide Home Loans of Minnesota, Inc. ("CHL-MN") in state court for breach of contract and unjust enrichment.  For jurisdictional purposes, all parties are citizens of Minnesota.  (Compl. ¶¶ 1-6.)  CHL-MN removed the action to federal court on February 25, 2008, asserting diversity jurisdiction.

A claim may be removed to federal court "only if it could have been brought in federal court originally." Peters v. Union Pac. R.R. Co., 80 F.3d 257, 260 (8th Cir. 1996). The removing party, as the party invoking jurisdiction, bears the burden of establishing by a preponderance of evidence that federal jurisdiction existed at the time of removal. See Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939); Missouri ex rel. Pemiscot County v. W. Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995). Jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship and a minimum amount in controversy in excess of $75,000. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007) (citation omitted). A court looks to the "citizenship of the real parties to the controversy" to determine the existence of complete diversity. Associated Ins. Mgmt. Corp. v. Ark. Gen. Agency, 149 F.3d 794, 796 (8th Cir. 1998) (citations omitted).

CHL-MN recognizes that it lacks diversity of citizenship with plaintiffs. Nevertheless, CHL-MN maintains that it is not the real party to the controversy because it was fraudulently joined and that the real parties in interest - Countrywide Bank, FSB and Countrywide Home Loans, Inc. - are completely diverse.

Fraudulent joinder is "the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to

prevent removal." Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 809 (8th Cir. 2003); see also E. Farish Percy, Defining the Contours of the Emerging Fraudulent Misjoinder Doctrine, 29 Harv. J.L. & Pub. Pol'y 569, 571-72 (2006) ("Traditional fraudulent joinder occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant, the jurisdictional spoiler, even though the plaintiff has no reasonable basis for the claim against the spoiler."). The fraudulent joinder doctrine protects a diverse defendant's right to a federal forum by instructing federal courts to disregard the fraudulently joined nondiverse defendant. See Wecker v. Nat'l Enameling & Stamping Co., 204 U.S. 176, 186 (1907) ("Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right."). Where there is only one defendant, however, there is no concern that a diverse defendant entitled to a federal forum will be denied that forum and forced to proceed in state court because of a fraudulently joined nondiverse defendant. Rather, the nondiverse defendant does not have the right to a federal forum and may properly obtain dismissal from the state court if warranted. Thus, the doctrine of fraudulent joinder does not apply where, as here, there is only a single defendant. But see Sprint Spectrum L.P. v. AT&T Commc'ns, Inc., Civ. No. 00-973, 2001 U.S. Dist. LEXIS

25620, at *6-7 (W.D. Mo. Feb. 8, 2001). Accordingly, because the parties in this case lack diversity of citizenship, plaintiffs' motion to remand is granted.

## CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' motion to remand [Doc. No. 11] is granted.

2. Defendant's outstanding motion to dismiss and compel arbitration, or, in the alternative, to stay proceedings pending arbitration [Doc. No. 4] is dismissed as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  April 23, 2008

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court